**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4478**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ROGER ALVESTER GEDDIE,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:14-cr-00284-FL-1)

Submitted:  March 31, 2016          Decided:  April 11, 2016

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court sentenced Roger Alvester Geddie to 105 months' imprisonment and a 5-year term of supervised release after he pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012). Geddie argues on appeal that his above-Guidelines sentence of imprisonment is substantively unreasonable. We affirm in part, vacate in part, and remand for further proceedings.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Because Geddie does not assert on appeal any procedural sentencing error, we review only the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances," id. at 51, and considering "whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]," United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014), and cert. denied, 135 S. Ct. 384 (2014). "An appellate court owes 'due deference' to a district court's assessment of the § 3553(a) factors, and mere disagreement with the sentence below is 'insufficient to justify reversal of the district court.'" United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014)

2

(quoting Gall, 552 U.S. at 51); see id. at 529 n.8; see also Gall, 552 U.S. at 51-52.

We conclude that the district court did not abuse its discretion in departing from Geddie's advisory Sentencing Guidelines range and imposing a term of 105 months' imprisonment. The district court departed upwardly pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2014). "A court may base a Guidelines § 4A1.3 upward departure on a defendant's prior convictions, even if those convictions are too old to be counted in the calculation of the Guidelines range under Guidelines § 4A1.2(e)." United States v. McCoy, 804 F.3d 349, 352 (4th Cir. 2015). Here, the district court considered Geddie's argument that his past convictions were too remote but concluded that considering these convictions was necessary to better reflect Geddie's criminal history. See id.

We likewise conclude that Geddie's sentence is consistent with the relevant § 3553(a) factors. The district court considered Geddie's criminal history in concluding that an above-Guidelines sentence was necessary to promote respect for the law and to protect the public. See 18 U.S.C. § 3553(a)(2)(A), (C). Furthermore, the district court reasonably concluded that Geddie's extensive criminal history, including several firearms offenses, did not adequately deter him from committing the instant offense and, thus, that a

3

lengthier sentence was necessary to afford adequate deterrence. See id. § 3553(a)(2)(B); see also United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006) ("[A] shorter prison term was inappropriate for a defendant who had repeatedly committed a serious offense and who had already proven immune to other means of deterrence."). Moreover, while Geddie argues that his sentence creates unwarranted sentencing disparities, the existence of USSG § 4A1.3, p.s., demonstrates that, when a defendant's criminal history category does not adequately reflect the seriousness of his criminal history or the risk of recidivism, such defendant is not similarly situated to other defendants whose criminal history categories are not so inadequate and, thus, renders any resulting sentencing disparity between them warranted. Cf. Gall, 552 U.S. at 54 ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."); see also United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir. 2012) ("Even if [defendant]'s sentence is more severe than average, that fact does not mean that it was unwarranted.").* Thus, we affirm Geddie's term of imprisonment.

---

* While Geddie also contends that the district court considered an inappropriate factor because it stated it was giving him the "benefit" of sustaining his objection to a sentencing enhancement, we conclude that Geddie has taken this statement out of context, as the district court proceeded to
(Continued)

Turning to the supervised release portion of the sentence, the district court imposed a five-year term of supervised release which, as the government notes, exceeds the statutory maximum three-year term. <u>See</u> 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(b)(2) (2012). We conclude that the district court plainly erred in so doing. <u>See</u> <u>United States v. Moore</u>, 810 F.3d 932, 939 (4th Cir. 2016) (setting forth standard of review). Thus, we vacate this portion of the district court's judgment and remand for the district court to correct the term of supervised release.

In sum, we affirm the sentence in part, vacate it in part, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED IN PART;</u>
<u>AND REMANDED</u>

---

explain why the resulting Guidelines range was not an appropriate sentence.

5