**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 16-4359**

─────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CURTIS RICHARDSON,

               Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:15-cr-00492-RBH-1)

─────────

Submitted:  November 30, 2016     Decided:  January 3, 2017

─────────

Before NIEMEYER, TRAXLER, and FLOYD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  Christopher Dolan
Taylor, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Richardson appeals his conviction and sentence of 57 months of imprisonment following his plea of guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether: (1) the district court erred in denying Richardson's motion to dismiss for alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161(b) (2012); (2) the district court erred in denying Richardson's motion in limine; and (3) the district court erred in allowing Richardson to proceed pro se. Richardson has filed a pro se supplemental brief contending that two prior state convictions used to enhance his sentence were invalid, and the presentence report counted offenses that were too old to be included in his criminal history score. We affirm.

We review a district court's legal conclusions with respect to a motion to dismiss the indictment de novo, and its factual findings for clear error. United States v. Perry, 757 F.3d 166, 171 (4th Cir. 2014).

The Speedy Trial Act provides, in pertinent part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a

2

summons in connection with such charges." 18 U.S.C. § 3161(b) (2012).

Richardson contends that the Speedy Trial Act's 30-day period was triggered upon his state arrest on April 14, 2015. However, his argument is directly foreclosed by our decision in United States v. Thomas, where we held that the 30-day period is triggered upon a defendant's arrest or indictment on federal charges, not state charges. 55 F.3d 144, 148 (4th Cir. 1995); see United States v. Burgess, 684 F.3d 445, 451 (4th Cir. 2012) (citing Thomas). Richardson was indicted on the federal charge on July 28, 2015, and arrested the next day, July 29. Thus, we conclude there was no violation of the Speedy Trial Act.

Next, we review de novo a district court's refusal to allow a justification defense. United States v. Perrin, 45 F.3d 869, 871 (4th Cir. 1995); United States v. Ricks, 573 F.3d 198, 200 (4th Cir. 2009).

To establish the justification defense to unlawfully possessing a firearm, a defendant must show that he

(1) was under unlawful and present threat of death or serious bodily injury;

(2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;

(3) had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and

3

> (4) [can show] a direct causal relationship between the criminal action and the avoidance of the threatened harm.

Ricks, 573 F.3d at 202 (internal quotation marks omitted). This defense is construed "very narrowly." United States v. Mooney, 497 F.3d 397, 404 (4th Cir. 2007) (internal quotation marks omitted).

We conclude that the district court did not err in denying Richardson's motion in limine. Although Richardson may have had a generalized fear, the record does not show that he was under any immediate threat of serious bodily injury, and thus, Richardson has not shown that he was entitled to the justification defense.

We review de novo a district court's determination that a defendant has waived his right to counsel. United States v. Owen, 407 F.3d 222, 225 (4th Cir. 2005); see United States v. Ductan, 800 F.3d 642, 647 n.1 (4th Cir. 2015).

A defendant "may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." United States v. Bernard, 708 F.3d 583, 588 (4th Cir. 2013); see Faretta v. California, 422 U.S. 806, 835 (1975).

Our review of the record reveals that the district court fully complied with Faretta in granting Richardson's motion to proceed pro se after a thorough hearing. Thus, we conclude the district court did not err in allowing Richardson to proceed pro se.

4

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)).

In his pro se supplemental brief, Richardson contends that two prior state convictions used to enhance his sentence were invalid because they were uncounseled and not the result of knowing and voluntary guilty pleas. However, Richardson has presented nothing more than an assertion that his prior convictions are invalid. Moreover, the PSR states that Richardson was represented by counsel with respect to the marijuana charge, and the firearm charge was dismissed and did not affect Richardson's criminal history score. We conclude there was no error with respect to these charges.

Finally, Richardson contends in his pro se supplemental brief that the PSR counted offenses that were too old to be included in his criminal history score. In particular, he points to a second-degree burglary charge that was committed in 1998, beyond the 15-year applicable time period. See U.S. Sentencing Guidelines Manual § 4A1.2(e)(1) (2015). However, USSG § 4A1.2(k)(2) provides that in the case of a revocation of parole involving a felony, the applicable time period is "the date of last release from incarceration on such sentence." Richardson's parole for the burglary charge was revoked in December 2005, and he was released

5

from prison in July 2006, within 15 years of the possession of the firearm and ammunition.  Thus, we conclude there was no sentencing error.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court.  This court requires that counsel inform Richardson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Richardson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Richardson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>