**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4692**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN LACHINSHER SINGLETARY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, Senior District Judge. (4:96-cr-00312-CMC-1)

Submitted: April 20, 2017                                  Decided: April 24, 2017

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Beth Drake, United States Attorney, Robert Frank Daley, Jr., Alfred W. Bethea, Jr., Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Lachinsher Singletary, who pled guilty in 1997 to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e) (1996), appeals the 120-month sentence imposed on resentencing following his successful 28 U.S.C. § 2255 (2012) motion.* Singletary asserts that the 120-month sentence is greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a) (2012) because the sentence should have been imposed to run concurrent to the state sentence he is serving for related conduct.

We review Singletary's sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (internal quotation marks omitted); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012) (recognizing that this court reviews any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard"). Although this review generally entails appellate consideration of both the procedural and substantive reasonableness of the sentence, *see Gall v. United States*, 552 U.S. 38, 51 (2007), Singletary concedes that the district court committed no procedural error in fashioning his sentence. Thus, we must determine whether the district court "set forth enough to satisfy [this court] that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal

---

* The district court granted Singletary's § 2255 motion and vacated his life sentence because, under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) (holding that residual clause of the Armed Career Criminal Act is unconstitutionally vague), Singletary was no longer an armed career criminal.

decisionmaking authority." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). When reviewing a sentence above the sentencing range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

We discern no abuse of discretion in this case. Admittedly, the Sentencing Guidelines provide that a sentence should be imposed concurrent to an undischarged sentence if the undischarged sentence is for an offense that involves conduct relevant to the instant conviction. *See* U.S. Sentencing Guidelines Manual § 5G1.3(b)(2) (2016). The Guidelines are advisory, however, and "a district court has no obligation to impose a concurrent sentence, even if § 5G1.3(b) applies." *United States v. Nania*, 724 F.3d 824, 830 (7th Cir. 2013). Rather, after calculating a defendant's Guidelines range, a district court is required to consider the § 3553(a) factors in determining whether to run the federal sentence consecutively or concurrently. 18 U.S.C. § 3584(b) (2012). Our review of the record confirms that the district court adequately considered the § 3553(a) factors. Accordingly, the district court acted within its discretion to run Singletary's federal sentence consecutive to the state sentence he was then serving, and we perceive no error in its decision to do so.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3