**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-4590

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RODNEY FAULKENBERRY,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard M. Gergel, District Judge.  (2:14-cr-00348-RMG-1)

Submitted:  May 22, 2017                           Decided:  May 26, 2017

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Faulkenberry pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court calculated Faulkenberry's Sentencing Guidelines range at 57 to 71 months' imprisonment. The court granted the Government's motion for an upward variance under 18 U.S.C. § 3553 (2012) and sentenced Faulkenberry to 120 months' imprisonment.[*] On appeal, Faulkenberry's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the 120-month sentence is reasonable. We affirm.

We review a district court's sentence "for reasonableness 'under a deferential abuse-of-discretion standard,'" whether the sentence "is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In conducting this review, we examine the sentence for "significant procedural error," such as improperly calculating the Guidelines range. *Gall*, 552 U.S. at 51. If the sentence is "procedurally sound," we "then consider its substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Spencer*, 848 F.3d 324, 327

---

[*] The district court initially sentenced Faulkenberry under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012), to 188 months' imprisonment. Faulkenberry appealed, and we remanded the case to the district court for further proceedings in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (declaring residual clause of ACCA unconstitutionally vague), which issued during the pendency of that appeal.

2

(4th Cir. 2017) (quoting *Gall*, 552 U.S. at 52). In considering the substantive reasonableness of a sentence, we determine "whether the [d]istrict [court] abused [its] discretion in determining that the [18 U.S.C.] § 3553(a) factors supported the sentence and justified a substantial deviation from the Guidelines range." *United States v. Diosdado-Star*, 630 F.3d 359, 366 (4th Cir. 2011) (internal quotation marks and alteration omitted). We also afford due deference to the district court's determination that the 18 U.S.C. § 3553(a) factors justify the extent of the variance, and the fact that this court might find a different sentence appropriate is insufficient to justify reversal of the district court. *Id.*

Faulkenberry contends that the 120-month sentence he received may be unreasonable because it is greater than necessary to achieve the purposes of sentencing. We reject this contention because it essentially asks this court to substitute its judgment for that of the district court. Although this court may have weighed the § 3553(a) factors differently had it imposed sentence in the first instance, we defer to the district court's decision that an above-Guidelines sentence of 120 months' imprisonment achieved the purposes of sentencing in Faulkenberry's case. *See Gall*, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" sentence imposed); *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that sentence imposed would serve § 3553 factors on the whole). In light of the "extremely broad" discretion afforded to a district court in determining the weight to be

3

given each of the § 3553(a) factors in imposing sentence, *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Faulkenberry fails to establish that his sentence is substantively unreasonable.

In accordance with *Anders*, we also have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the amended criminal judgment. This court requires that counsel inform Faulkenberry, in writing, of the right to petition the Supreme Court of the United States for further review. If Faulkenberry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Faulkenberry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*