**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4333**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

TYRONE MAURICE WILLIAMS,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:14-cr-00043-FL-1)

Submitted: November 30, 2017            Decided: December 19, 2017

Before TRAXLER, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Rowe, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Maurice Williams pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012) (count 1), using and carrying a firearm during and in relation to and possessing the firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (count 2), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), 924 (count 3), and robbery of a credit union, in violation of 18 U.S.C. § 2113(a) (2012) (count 4). The district court sentenced[1] Williams to a total of 308 months' imprisonment, a sentence resulting from the court granting an upward variance under 18 U.S.C. § 3553(a) (2012) from his advisory Sentencing Guidelines range of 110 to 137 months' imprisonment for counts 1 and 4.[2] Williams argues on appeal that his sentence is substantively unreasonable. We affirm.

This court reviews criminal sentences for reasonableness using an abuse of discretion standard. *United States v. McManus*, 734 F.3d 315, 317 (4th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "When reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose

---

[1] We previously vacated the district court's imposition of a 480-month sentence and remanded for resentencing. *United States v. Williams*, 664 F. App'x 316, 319-22 (4th Cir. 2016) (No. 15-4121).

[2] The district court sentenced Williams to 2 concurrent terms of 188 months' imprisonment on counts 1 and 4, a concurrent, within-Guidelines term of 120 months' imprisonment on count 3, and a consecutive, within-Guidelines term of 120 months' imprisonment on count 2.

satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks and alteration omitted). Where the sentencing court has imposed a sentence that varies upward from the Guidelines, we must determine "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). We afford due deference to the district court's determination that the § 3553(a) factors justify the extent of a variance, and the fact that this court might find a different sentence appropriate is insufficient to justify reversal of the district court. *Gall*, 552 U.S. at 51; *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (in reviewing above-Guidelines sentence, this court "defer[s] to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been [our] choice" (internal quotation marks omitted)).

Williams contends that his sentence is substantively unreasonable because the calculation of his Guidelines range was based on an "inflated" criminal history category resulting from his *Simmons*[3]-infirm prior Tennessee conviction for which the district court did not grant him a downward variance. After review of the record, we conclude that Williams' Tennessee conviction was properly considered in the calculation of his criminal history category, *see* U.S. Sentencing Guidelines Manual §§ 4A1.1(a), (d), 4A1.2(a)(1), and did not render that criminal history category infirm or improperly inflate

---

[3] *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

3

the resulting Guidelines range as Williams contends. In rejecting Williams' request for a downward variance premised on this conviction, the district court did not abuse its discretion. *Accord McCoy*, 804 F.3d at 353 (rejecting defendant's claim of substantive unreasonableness premised on district court's failure to use its discretion to depart downward to alter a correct calculation of defendant's base offense level to reflect the claimed "reality" of defendant's offense conduct).

Williams also suggests that the 308-month sentence is substantively unreasonable because the decision to impose this term resulted from the district court's consideration of the allocutions of the robbery victims given at initial sentencing and the updates regarding their conditions provided at resentencing on remand. He observes that consideration of the feelings and comments of crime victims can "inflame emotion" of a court and lead to an unreasonable sentence. He further claims that the district court's sentencing decision was improperly distorted by the earlier imposition of a 480-month sentence. Williams, however, points to no evidence in the record supporting the conclusion of an "inflamed" emotional response on the part of the district court or an improper focus on such emotion, and we find after review of the record no support for such contentions. We further conclude that—contrary to Williams' appellate suggestion—the Guidelines calculations, not the 480-month term previously imposed and vacated, provided the starting metric for guiding the district court's sentencing decision.

Finally, in imposing sentence, the district court properly relied on the violent nature of Williams' offense conduct, his history and characteristics—including his violent criminal history—and the need for the sentence to reflect the seriousness of his

4

offense conduct, to promote respect for the law, to afford adequate deterrence, and to protect the public, § 3553(a)(1), (2)(A)-(C). In assigning weight to concerns stemming from Williams' violent behavior and weighing those considerations more heavily than his acceptance of criminal responsibility and concerns stemming from his upbringing and mental health, the district court did not abuse its discretion, and we reject Williams' argument to the contrary. *See United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole); *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011) (sentencing court has "flexibility" in fashioning a sentence outside of the Guidelines range). Although the 308-month sentence results from a 51-month upward variance from the top end of the Guidelines range for counts 1 and 4, the district court, we conclude, did not abuse its discretion in determining that such a deviation was justified by § 3553(a) factors relevant to Williams' case. *See Diosdado-Star*, 630 F.3d at 366-67 (affirming substantive reasonableness of variance sentence six years greater than the Guidelines range because it was based on district court's examination of relevant § 3553(a) factors); *see also United States v. Angle*, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the [district] court.").

Accordingly, we affirm the amended criminal judgments. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*