**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 17-4577**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

WILLIAM FELTON HARRIS, a/k/a Hulk Harris,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:16-cr-00127-BO-1)

———————

Submitted:  April 25, 2018                                    Decided:  April 27, 2018

———————

Before TRAXLER, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Leza L. Driscoll, LAW OFFICES OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Acting First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Felton Harris pled guilty pursuant to a written plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court departed upward, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (2016), sentencing Harris to 84 months' imprisonment. On appeal, Harris raises both procedural and substantive challenges to the district court's application of the upward departure. We affirm.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). We first consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to sufficiently explain the chosen sentence. *Gall*, 552 U.S. at 51. Next, we consider the substantive reasonableness of a sentence under "the totality of the circumstances." *Id*. "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted); *see United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008) (noting that "common sense dictates that a major departure should be supported by a more significant justification than a minor one" (internal quotation marks omitted)). An upward departure pursuant to USSG § 4A1.3(a), p.s., is authorized "when reliable information indicates that the defendant's criminal history category substantially under-

2

represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *United States v. McCoy*, 804 F.3d 349, 352 (4th Cir. 2015) (internal quotation marks omitted).

Harris first contends that the district court procedurally erred by imposing the upward departure based on its erroneous characterization of Harris as a career offender. This argument is unavailing. The record shows that, in referring to Harris as a "career offender," the district court was commenting on Harris' substantial criminal history, rather than deeming him a career offender under the Guidelines. Notably, the district court did not apply a career offender enhancement, and it recognized that Harris did not fit into "the pigeon hole that the law calls career offender." (J.A. 39).

Harris next argues that his sentence is substantively unreasonable because, in applying the upward departure, the district court focused extensively on convictions that Harris sustained as a minor. To the contrary, the court expressed concern over Harris' overall criminal history, which includes multiple uncounted prior convictions encompassing Harris' violent behavior as an adult. *See McCoy*, 804 F.3d at 352 ("A court may base a Guidelines § 4A1.3 upward departure on a defendant's prior convictions, even if those convictions are too old to be counted in the calculation of the Guidelines range under Guidelines § 4A1.2(e)"). Thus, the district court's imposition of a USSG § 4A1.3(a), p.s. upward departure is supported by Harris' violent and significant criminal history and his likelihood of recidivism.

Finally, we note that, while the USSG § 4A1.3(a), p.s. upward departure does not fully account for the significant divergence from Harris' predeparture Guidelines range,

3

the district court also based its above-Guidelines sentence on the § 3553(a) factors, namely, the nature and circumstances of the offense, Harris' history and characteristics, and the need to protect the public. *See United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011) (noting that "the practical effects of applying either a departure or a variance are the same" and "the method by which the district court deviates from the Guidelines range does not alter (1) the review in which the courts of appeals must engage, or (2) the justification the district court must provide"). We conclude that Harris' sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented before this court and argument would not aid the decisional process.

*AFFIRMED*