PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4745

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DILADE MCCOY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:14-cr-00044-REP-2)

Argued:  September 17, 2015          Decided:  October 15, 2015

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by published opinion.  Judge Motz wrote the opinion, in which Judge King and Judge Gregory joined.

**ARGUED**: Gregory Bruce English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant.  Angela Mastandrea-Miller, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF**:  Dana J. Boente, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

Dilade McCoy challenges as substantively unreasonable his 188-month sentence for conspiracy and possession with intent to distribute cocaine.  We affirm.


I.

In 2014, a federal grand jury indicted McCoy for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(B)(ii) (2012); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012).  At trial, his co-defendant testified to buying cocaine from McCoy on three occasions:  an early summer 2013 sale of one kilogram, a late summer 2013 sale of three kilograms that were returned for poor quality, and a November 2013 sale of three kilograms.  The jury found McCoy guilty of the drug-related charges for an amount of cocaine greater than 500 grams but less than 5 kilograms.

In the Presentence Investigation Report (PSR), the probation officer counted all three sales and attributed seven kilograms of cocaine to McCoy,  above the range the jury found. Pursuant to the U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (U.S. Sentencing Comm'n 2013), the PSR pegged McCoy's base

2

offense level at 32. The PSR calculated McCoy's criminal history category as II, reflecting three points for a 2005 conviction for criminal possession of cocaine with intent to distribute. The resulting advisory Guidelines range was 135 to 168 months' imprisonment.

McCoy objected to the amount of cocaine attributed to him, arguing that he should be held accountable only for the amount of cocaine found by the jury, which would reduce his base offense level to 30 and Guidelines range to 108 to 120 months. He sought a term of imprisonment no greater than the statutory mandatory minimum sentence of 120 months.

The Government moved for an upward departure, arguing that McCoy's criminal history category understated the seriousness of his criminal past. While a juvenile, McCoy committed three felonies, for which he was tried as an adult. He committed two robberies in 1986 at age 15, was convicted of both and imprisoned. In 1989, at age 17 and one year after his release from prison, he committed another violent crime, pleading guilty to assault with intent to cause serious injury with a weapon. For that offense, he served eight years in prison. He was discharged from parole in 2000 and arrested less than five years later, resulting in the 2005 conviction for criminal possession of cocaine. Because McCoy committed the robberies and assault more than fifteen years before the present offenses, the PSR did

3

not count them in determining his criminal history category pursuant to Guidelines § 4A1.2(e)(3). To reflect the juvenile convictions, the Government requested an increase to criminal history category IV and a sentence of 192 months, which is within the applicable 168-to-210 month Guidelines range. McCoy objected to consideration of his juvenile convictions because of their remoteness and his youth at the time of the offenses.

The district court rejected McCoy's objection to the amount of cocaine attributed to him. In response to the Government's motion for upward departure, the court observed that McCoy's criminal history was "quite serious" and that "the facts here call for the application of [§] 4A1.3," which governs upward departures based on the inadequacy of a defendant's criminal history category. The court counted all three convictions, resulting in an additional eight points, placing McCoy in criminal history category V with a Guidelines range of 188 to 235 months' imprisonment. The court sentenced McCoy to 188 months' imprisonment, explaining that the departure was "necessary to protect the public from the defendant, to promote respect for the law, to deter the defendant, and to deter others

4

similarly situated." McCoy noted a timely appeal of this sentence.[1]

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." Id. However, a "major departure" from the Guidelines range "should be supported by a more significant justification than a minor one." Id. at 50. In reviewing a departure from the advisory Guidelines range, we "defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been [our] choice." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis omitted).

## II.

McCoy makes no claim that his sentence is procedurally unreasonable, but he poses several challenges to the substantive reasonableness of his sentence. Each argument fails.

---

[1] McCoy filed a pro se supplemental brief in which he also challenges the sufficiency of the evidence. After thorough review of these arguments, we find that they lack merit.

A.

First, McCoy asserts that his sentence is substantively unreasonable because the district court "improperly considered" his stale juvenile convictions. Appellant's Br. 15. He argues that these crimes, which he committed between the time he was 15 to 17 years old, and which occurred approximately 25 years before he committed the instant crimes, do not justify the district court's upward departure.

Section 4A1.3(a)(1) of the Guidelines authorizes an upward departure when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1); see United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008) (noting that an under-representative criminal history category is an "encouraged" basis for upward departure). A court may base a Guidelines § 4A1.3 upward departure on a defendant's prior convictions, even if those convictions are too old to be counted in the calculation of the Guidelines range under Guidelines § 4A1.2(e). U.S.S.G. §§ 4A1.2(e) cmt. n. 8, 4A1.3(a)(2)(A).

The district court found that McCoy's criminal history category under-represented his criminal history enough to warrant an upward departure. The court recognized McCoy's youth

6

at the time he committed the robberies and the assault with intent to cause serious injury with a weapon. The court also recognized the remoteness of these crimes from his present offenses. But given the seriousness of the juvenile crimes and the fact that McCoy committed another crime -- criminal possession of cocaine -- within five years of being released from prison on the third juvenile charge (the assault), the court found that counting the juvenile felonies in McCoy's criminal history better represented that "serious" history and his likelihood of recidivism.

Relying heavily on our recent decision in United States v. Howard, 773 F.3d 519 (4th Cir. 2014), McCoy maintains that the district court abused its discretion in so reasoning. In Howard, we held that the imposition of a life sentence, an enormous departure from the 121-month top of the Guidelines range, on the basis of juvenile, non-violent, stale convictions, constituted an abuse of discretion. Howard, 773 F.3d at 528, 535-36. Howard is clearly distinguishable from the case at hand. For here the court imposed a much more modest upward departure (from 168 months to 188 months) on the basis of violent juvenile crimes. We have found reasonable far greater upward departures based on similar facts. See, e.g., United States v. Myers, 589 F.3d 117 (4th Cir. 2009) (finding reasonable an upward departure from 121 months to 360 months

based on three stale convictions); United States v. Lawrence, 349 F.3d 724, 727 (4th Cir. 2003) (finding reasonable an upward departure from 96 months to a total of 262 months based in part on the defendant's "extensive juvenile record"). The district court here departed upward a number of months that "pale[s] in comparison to" the upward departure in Howard, 773 F.3d at 530, and did not abuse its discretion in considering McCoy's violent juvenile crimes in doing so.

B.

Second, McCoy argues that his sentence is substantively unreasonable because the district court increased his criminal history category to V, even though the Government only requested an increase to category IV. He again seeks to analogize his case to Howard, where we recognized that, although "no district court is ever mandated to impose the sentence recommended by the prosecution," it was notable that the district court's sentence of life imprisonment was far longer than the 360-month sentence advocated by the Government. 773 F.3d at 533-35. We pointed out that the Government's recommendation "can serve as an important pillar" in achieving "the avoidance of unwarranted sentencing disparities," one of the principle goals of the Sentencing Reform Act of 1984 and the Guidelines. Id. at 535.

We stand by those observations, but they do not assist McCoy for, although the district court increased his criminal

8

history category above the Government's request, the sentence of 188 months was <u>lower</u> than the 192 months requested by the Government. Furthermore, had the district court increased McCoy's criminal history category to IV, as requested by the Government, a sentence of 188 months would still have fallen within the resulting Guidelines range of 168 to 210 months. Thus, this increase in the criminal history category does not raise the issue of "unwarranted sentencing disparities" identified in <u>Howard</u>.

C.

Third, McCoy maintains that his sentence overstates the seriousness of his offense. He argues that the three-kilogram order placed in November 2013 merely replaced the three-kilogram order returned in the summer of 2013. McCoy concedes that all seven kilograms "can properly be considered" in the "technical determination" of his base offense level. Appellant's Br. 18. However, he contends that the district court should have used its discretion to depart downward to a base offense level of 30, based only on four kilograms of cocaine, to reflect the "reality" of how much cocaine he actually trafficked. Appellant's Br. 18-19. The record does not support McCoy's argument that the third sale was a replacement, nor would the district court have abused its discretion by basing the base offense level calculation on seven kilograms even if it did

9

constitute a replacement.  See United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010).

## D.

Lastly, McCoy argues that his sentence is substantively unreasonable because Amendment 782 to the Guidelines went into effect shortly after he was sentenced.  Amendment 782 is a retroactive amendment that lowered the base offense levels applicable to drug-related crimes.  Post-sentencing Guidelines amendments do not make a pre-amendment sentence unreasonable. See United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008). The district court correctly applied the Guidelines prevailing at the time of sentencing.  The proper avenue for a request for application of Amendment 782 is a motion under 18 U.S.C. § 3582(c)(2), which would allow the district court to assess in the first instance whether and to what extent the amendment may affect McCoy's sentence.  Id.[2]

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

_____

[2] Our holding as to the substantive reasonableness of McCoy's sentence is rendered without prejudice to McCoy's right to pursue such relief in the district court.

10