**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4425

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

STANLEY CURTIS GILLOM,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00439-CCE-1)

Submitted:  January 21, 2016          Decided:  February 5, 2016

Before KING, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles H. Harp II, CHARLES H. HARP II PC, Lexington, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Curtis Gillom appeals the district court's sentence of 85 months of imprisonment for distributing cocaine base in violation of 21 U.S.C. § 841(a), (b)(1)(C) (2012). He argues that law enforcement engaged in "sentencing manipulation" by arranging numerous controlled buys from Gillom, thereby increasing the drug quantity for which he was held responsible at sentencing. He contends that the district court abused its discretion in failing to grant him a downward variance based on this manipulation. We affirm.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). We consider both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51.

We have never expressly adopted the theory of sentencing manipulation, and we have looked upon such claims with "skepticism." United States v. Jones, 18 F.3d 1145, 1154 (4th Cir. 1994). Gillom argues that Jones should be reconsidered because it was decided when the Sentencing Guidelines were mandatory rather than advisory. We need not decide whether to apply the theory of sentencing manipulation, however, because in

2

any event, no such manipulation occurred here.  Therefore, the district court did not abuse its discretion in declining to vary downward on this basis.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>