**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4398**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JUNIOR JEAN MERILIA,

                Defendant - Appellant.

———————

**No. 15-4399**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JUNIOR JEAN MERILIA,

                Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:14-cr-00073-HEH-1; 3:14-cr-00139-HEH-3)

———————

Submitted:  January 29, 2016        Decided:  February 25, 2016

———————

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John Cadwallader Jones, Jr., JONES LAW OFFICE, Providence Forge, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Junior Jean Merilia appeals his aggregate 133-month sentence imposed following his guilty pleas to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (2012), aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2012), and obstruction of official proceedings, in violation of 18 U.S.C. §§ 2, 1512(c)(2) (2012).  Finding no error, we affirm.

I.

Merilia first challenges the district court's intended loss calculation.  We review a district court's factual determination of the amount of loss for clear error.  United States v. Jones, 716 F.3d 851, 859-60 (4th Cir. 2013).

When calculating the Sentencing Guidelines range applicable to a fraud offense, the Government is required to establish "the amount of loss by a preponderance of the evidence."  United States v. Catone, 769 F.3d 866, 876 (4th Cir. 2014).  "[T]he [district] court 'need only make a reasonable estimate of the loss.'"  United States v. Cloud, 680 F.3d 396, 409 (4th Cir. 2012) (quoting U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(C) (2014)).[1]  Generally, "loss is the greater of actual loss

---

[1] Guidelines commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution (Continued)

3

or intended loss." USSG § 2B1.1 cmt. n.3(A); see USSG § 2B1.1 cmt. n.3(A)(ii) ("'Intended loss' (I) means the pecuniary harm that was intended to result from the offense; and (II) includes intended pecuniary harm that would have been impossible or unlikely to occur . . . .").

We conclude that the district court did not clearly err in calculating the intended loss. The court relied on evidence law enforcement agents recovered from a storage unit. The evidence included 747 index cards containing stolen personal information, along with records of fraudulent tax returns and of the conspiracy, prepaid debit cards, and online printouts of job applications containing more personal information. The district court multiplied 747, the number of cards, by the average amount sought by the conspirators from the fraudulent tax returns. We conclude that this was a reasonable method of estimating intended loss in this case. See United States v. Miller, 316 F.3d, 495, 504 (4th Cir. 2003) (relying on amounts billed to Medicaid and Medicare to determine intended loss).[2]

---

or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

[2] To the extent that Merilia argues the district court erred by failing to apply the 2015 amendments to the Sentencing Guidelines instead of the 2014 Guidelines Manual in effect at (Continued)

II.

Next, Merilia contends that the district court erred in applying the sophisticated means enhancement. We also review the application of this enhancement for clear error. United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014).

The sophisticated means enhancement applies when a defendant employs "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG § 2B1.1 cmt. n.9(B). "Conduct such as hiding assets or transactions, or both, . . . ordinarily indicates sophisticated means." Id. While the scheme must involve "more than the concealment or complexities inherent in fraud," Adepoju, 756 F.3d at 257, courts can find that a defendant used sophisticated means even where he did "not utilize the most complex means possible to conceal his fraudulent activit[y]." United States v. Jinwright, 683 F.3d 471, 486 (4th Cir. 2012) (applying sophisticated means enhancement in USSG § 2T1.1(b)(2) in context of tax fraud). "The court need only find the presence of efforts at concealment that go beyond (not

_____

the time of his sentencing, we have held that "[p]ost-sentencing Guidelines amendments do not make a pre-amendment sentence unreasonable." United States v. McCoy, 804 F.3d 349, 353 (4th Cir. 2015); see also Peugh v. United States, 133 S. Ct. 2072, 2081 (2013).

5

necessarily far beyond . . . ) the concealment inherent in . . . fraud." Id. (internal quotation marks omitted). Moreover, a defendant's individual actions need not be sophisticated; what matters is the sophistication of the scheme as a whole. Adepoju, 756 F.3d at 257; Jinwright, 683 F.3d at 486.

We conclude that the district court did not clearly err in applying this enhancement. While Merilia contends that simply using a popular online tax software to file fraudulent tax returns is not sophisticated, this argument overlooks the fact that the district court relied on the scheme as a whole in applying the enhancement. The district court correctly noted that Merilia and his coconspirators not only used the tax software, but also rented hotel rooms to hide their activities, caused debit cards to be issued so that their names would not appear on checks, transferred funds between the debit cards, and used false identities to further their scheme. See Jinwright, 683 F.3d at 486. Thus, by engaging in these additional acts, the scheme as a whole went beyond the concealment inherent in fraud itself, and, therefore, the district court did not clearly err in applying this enhancement.

III.

Accordingly, we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED