**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4752**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JAMES FULTON MCKOY,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:15-cr-00015-D-1)

Submitted: October 18, 2016        Decided: November 9, 2016

Before KING, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Fulton McKoy appeals the 120-month sentence imposed following his guilty plea to mailing bomb threats, in violation of 18 U.S.C. § 844(e) (2012). On appeal, McKoy challenges the substantive reasonableness of the upward departure sentence imposed by the district court pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2015). We affirm.

We "review all sentences — whether inside, just outside, or significantly outside the Guidelines range — under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In the present case, McKoy does not assert that the district court committed procedural error. We therefore review the court's decision only for substantive reasonableness under the totality of the circumstances. United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2015) (internal quotation marks omitted). "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." Id. at 529 (internal quotation marks omitted). "[W]e must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court."

United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted); see Howard, 773 F.3d at 531 (same).

We conclude that the district court did not abuse its discretion in departing from McKoy's advisory Sentencing Guidelines range and imposing a term of 120 months' imprisonment. "A court may base a Guidelines § 4A1.3 upward departure on a defendant's prior convictions, even if those convictions are too old to be counted in the calculation of the Guidelines range under Guidelines § 4A1.2(e)." United States v. McCoy, 804 F.3d 349, 352 (4th Cir. 2015). Here, the district court concluded that considering those convictions, McKoy's lengthy criminal history, the lenient sentences he received, his failure to modify his behavior, and the conduct underlying the instant offense was necessary to better reflect McKoy's criminal history. See id.

The district court also reasonably applied the relevant 18 U.S.C. § 3553(a) (2012) factors. The district court considered McKoy's criminal history in concluding that an above-Guidelines sentence was necessary to promote respect for the law and protect the public. See 18 U.S.C. § 3553(a)(2)(A), (C). Furthermore, the district court reasonably concluded that McKoy's extensive criminal history did not adequately deter him from committing the instant offense and, thus, that a lengthier

sentence was necessary to afford adequate deterrence.  See id. § 3553(a)(2)(B); see also United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006) ("[A] shorter prison term was inappropriate for a defendant who had repeatedly committed a serious offense and who had already proven immune to other means of deterrence.").  We therefore hold that the 120-month sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented before this court and argument would not aid the decisional process.

AFFIRMED