**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4145**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TONY OBRIEN WILLIAMS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:15-cr-00107-H-1)

---

Submitted: November 29, 2016     Decided: December 15, 2016

---

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Anne M. Hayes, Cary, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Obrien Williams pleaded guilty to interstate transportation for the purpose of prostitution, in violation of 18 U.S.C. § 2421 (2012), and use of a facility in interstate commerce with the intent to promote and facilitate a business enterprise involving prostitution offenses, in violation of 18 U.S.C. § 1952(a)(3) (2012). The district court calculated Williams' Guidelines range under the U.S. Sentencing Guidelines Manual (2015) at 46 to 57 months' imprisonment, imposed an upward departure, and sentenced Williams to concurrent terms of 84 months' imprisonment. Williams now appeals and challenges the imposition of the upward departure.[1] We affirm.

The district court determined that an upward departure from the Guidelines range was reasonable and necessary in Williams' case and imposed the departure in two stages. The court determined first that Williams' criminal history Category of V substantially underrepresented the seriousness of his criminal history and the likelihood he would commit other crimes and departed upward to a criminal history Category of VI. See USSG § 4A1.3(a), p.s. Second, to account for offense conduct that

---

[1] In his opening brief, Williams also argues that the district court plainly erred in ordering him to register as a sex offender as a condition of his supervised release. In his reply brief, however, Williams withdraws this challenge. We therefore address only Williams' departure challenge.

2

did not enter into the determination of the Williams' Guidelines range—which included "physical injury" and "extreme conduct"—the district court found that an upward departure from a total offense level of 17 to 22 was warranted. <u>See</u> USSG §§ 5K2.2, 5K2.8, p.s. The 84-month sentences the district court imposed fall at the low end of the resulting upward departure Guidelines range of 84 to 105 months' imprisonment. Williams argues on appeal that the district court erred when it departed in part based on USSG § 5K2.2, p.s.,[2] because the record lacks reliable evidence to support a finding that anyone suffered significant physical injury as a result of his criminal conduct.

We review a district court's sentence "for reasonableness 'under a deferential abuse-of-discretion standard,'" whether the sentence "is 'inside, just outside, or significantly outside the

---

[2] This section of the Guidelines provides that:

> If significant physical injury resulted, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked. When the victim suffers a major, permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate. If the injury is less serious or if the defendant (though criminally negligent) did not knowingly create the risk of harm, a less substantial departure would be indicated. In general, the same considerations apply as in [USSG] § 5K2.1.

USSG § 5K2.2, p.s.

3

Guidelines range.'" United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), cert. denied, ___ S. Ct. ___, No. 16-5808, 2016 WL 4575411 (U.S. Oct. 11, 2016). In assessing the district court's application of the Sentencing Guidelines, we review that court's factual findings for clear error and its legal conclusions de novo. United States v. Dodd, 770 F.3d 306, 309 (4th Cir. 2014). "When, [however], a district court offers two or more independent rationales for its deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just one of these rationales." United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008).

In light of these principles and after review of the record and the parties' briefs, we conclude that Williams fails to establish reversible error by the district court. Assuming without deciding that the district court erroneously departed from the Guidelines range under USSG § 5K2.2, p.s., the court additionally based the second stage of its departure decision on extreme conduct that did not enter into the determination of Williams' Guidelines range. On appeal, Williams does not raise any challenge to this additional basis underlying the second stage of the upward departure decision. By failing to present any challenge in this regard, Williams has waived review of this issue. See Snyder v. Phelps, 580 F.3d 206, 216-17 (4th Cir.

4

2009).  He thus fails to establish reversible error by the district court in the second stage of its departure decision. As the second stage of the departure decision is the only stage Williams challenges, we affirm the criminal judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5