**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4079**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ELISEO LOPEZ-DOMINGUEZ, a/k/a Luis Montoya, a/k/a Arcadio Salinas, a/k/a
Juan Gregario,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh. W. Earl Britt, Senior District Judge. (5:16-cr-00217-BR-1)

Submitted: July 27, 2017                          Decided: July 31, 2017

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal
Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States
Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin,
Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eliseo Lopez-Dominguez appeals his sentence of 24 months imposed following his conviction for illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). He contends that his sentence is unreasonable because his offense level and criminal history score overstate the seriousness of his case. We affirm.

We review Lopez-Dominguez's sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Based on the totality of the circumstances, we conclude Lopez-Dominguez has not overcome the presumption that his sentence is substantively reasonable, nor has he shown that his sentence is procedurally unreasonable. In particular, Lopez-Dominguez's assertion that he was defending his brother-in-law from being attacked runs squarely counter to his guilty plea to aggravated robbery, *cf. Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Christian v. Ballard*, 792 F.3d 427, 444 (4th Cir. 2015), and even setting aside his conviction for aggravated robbery, Lopez-Dominguez has a substantial history of illegal conduct. Thus, we conclude that the district court did not abuse its discretion in imposing a sentence at the bottom of the Guidelines range, and we conclude that Lopez-Dominguez's sentence is reasonable.

2

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*