**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4595**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWIN LEO BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:16-cr-00110-D-1)

Submitted:  April 24, 2018                                  Decided:  July 3, 2018

Before GREGORY, Chief Judge, and WILKINSON and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Acting First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin Leo Brown appeals the 210-month, upward departure sentence imposed following his guilty plea to four counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Brown argues that his sentence is procedurally unreasonable because the district court did not adequately address his arguments for a lower sentence. Brown further challenges the substantive reasonableness of his sentence, claiming that a sentence within the original Sentencing Guidelines range would have been sufficient to satisfy the goals of sentencing. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court addressed the defendant's nonfrivolous sentencing arguments. *See United States v. Blue*, 877 F.3d 513, 518-19 (4th Cir. 2017).

If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a) (2012). "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the

2

divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). While "a major departure from the Guidelines range should be supported by a more significant justification than a minor one," we owe "defer[ence] to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been our choice." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (brackets and internal quotation marks omitted).

Our review of the record confirms that the district court properly considered Brown's arguments for a sentence within the original Guidelines range. By cataloging the many favorable sentences that Brown had previously received, the court clearly rejected Brown's contention that his criminal history category sufficiently captured his extensive criminal history. In addition, by emphasizing that, on the night of Brown's arrest, Brown precipitated an altercation with law enforcement that could easily have turned deadly, the court indisputably entertained Brown's claim that the application of two Guidelines enhancements adequately accounted for his egregious behavior that night. We thus detect no procedural error in the court's discussion of Brown's sentencing arguments.

We further conclude that Brown's sentence is substantively reasonable. In weighing the § 3553(a) factors, the district court reasonably relied on Brown's substantial criminal history, his lenient treatment by the criminal justice system, and the serious nature of the underlying offense conduct, which included a brutal assault on a police officer.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*