**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4615

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ALFONSO RODRIGUEZ-GARCIA, a/k/a Jose Cortez-Martin, a/k/a Jose Garcia, a/k/a Oscar Rolando Ramirez-Perez, a/k/a Abel Vasquez-Teaz, a/k/a Jose Heriberto Garcia-Rodriguez, a/k/a Jose Heriberto Rodriguez-Garcia, a/k/a Jose Edilberto Rodriguez-Garcia, a/k/a Jose Rodriguez-Garcia, a/k/a Jose Edilberto Garcia,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00147-BR-1)

Submitted: April 26, 2019                    Decided: May 9, 2019

Before KING and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Daniel W. Smith, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for

Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Alfonso Rodriguez-Garcia appeals his 115-month prison sentence after pleading guilty to illegal reentry of an alien who was removed subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court granted the Government's motion to upwardly depart pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a) (2015) and sentenced him above his advisory Guidelines range of 30 to 37 months. On appeal, he does not challenge the district court's decision to upwardly depart or the procedural reasonableness of his sentence, but he challenges the extent of the departure and argues his sentence is substantively unreasonable. We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). We must first ensure that the district court committed no significant procedural error, such as "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If a sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* If a sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision." *Id.* "[A] major departure should be supported by a more significant justification than a minor one." *Id.* at 50. "In reviewing a departure from the advisory Guidelines range, we 'defer to the trial court and can reverse a sentence

3

only if it is unreasonable, even if the sentence would not have been [our] choice.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (citation omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Rodriguez-Garcia, and his sentence is substantively reasonable. Rodriguez-Garcia has been previously removed from the United States ten times, and he has a lengthy criminal history that includes prior convictions for illegal reentry and other serious offenses. In determining the extent of the departure, the district court followed the procedure in USSG § 4A1.3(a)(4) and reasonably determined that a Guidelines range of 92 to 115 months, and a sentence at the high end of 115 months, were appropriate for this case. The district court's stated reasoning for its departure was adequate, and based on a totality of the circumstances, we conclude that the extent of the departure and the sentence imposed were reasonable. We therefore defer to the district court's decision.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*