**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4805**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SH-KILL TURNER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00117-D-1)

Submitted:  August 29, 2019              Decided:  September 10, 2019

Before AGEE and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sh-Kill Turner appeals the 36-month sentence imposed by the district court following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Turner argues that the upward variance sentence is substantively unreasonable because it overrepresented his criminal history and improperly relied on his involvement in a shooting. We affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Because the parties agree that Turner's criminal sentence is procedurally reasonable, *see Gall*, 552 U.S. at 49-51, we consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the [Sentencing] Guidelines range," *id.*, 552 U.S. at 51. When a district court imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). But the district court need not find "extraordinary circumstances" to justify a deviation from the Guidelines range. *Gall*, 552 U.S. at 47.

In this case, the district court cited the nature of the offense and concluded that Turner was involved in the shooting in some capacity. The court relied on Turner's distinctive appearance, the testimony that Turner was looking for the victim at the scene of the crime, and the undisputed fact that Turner fled from officers on their way to the

2

scene and that he ended up with the gun used in the shooting. Turner has not established that these findings are clearly erroneous. *See United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (providing standard). Next, the court considered the characteristics of Turner, the need to incapacitate Turner, and the need to promote respect for the law. And the district court specifically explained its view that the advisory Guidelines were inadequate on the facts at hand. The district court did not abuse its discretion in concluding that these circumstances justified an upward variance from the advisory Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*