**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4380

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN MICHAEL OXENDINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cr-00448-FL-1)

Submitted: February 14, 2020                                Decided: March 23, 2020

Before HARRIS and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Michael Oxendine appeals his 46-month prison sentence after pleading guilty to making a bomb threat by telephone in violation of 18 U.S.C. § 844(e) (2018). On appeal, he contends that the district court abused its discretion by upwardly departing two levels under U.S. Sentencing Guidelines Manual § 2A6.1 cmt. n.4(B)(iv) for multiple victims after applying a four-level enhancement under USSG § 2A6.1(b)(4). We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks omitted). We first ensure that the district court committed no significant procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If a sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

If the sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "[A] major departure should be supported by a more significant justification than a minor one." *Id.* at 50. "In reviewing a departure from the advisory Guidelines range, we 'defer to the trial court and can reverse

2

a sentence only if it is unreasonable, even if the sentence would not have been [our] choice.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (citation omitted).

"Because the circumstances surrounding threats vary substantially, § 2A6.1 gives district courts latitude to depart from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327-28 (4th Cir. 2017). "Given the dearth of guidance for capturing the seriousness of such a factually variable offense, the considerations underlying a departure in a threats case converge with those underlying a variance to an unusual degree." *Id.* An upward departure under § 2A6.1 may be warranted for multiple victims. *See* USSG § 2A6.1 cmt. n.4(B)(iv); *cf. United States v. Stokes*, 347 F.3d 103, 105-06 (4th Cir. 2003).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in upwardly departing under USSG § 2A6.1 cmt. n.4(B)(iv) and Oxendine's sentence is procedurally and substantively reasonable. While the court applied a four-level increase under USSG § 2A6.1(b)(4) for substantial disruption of public, governmental, or business functions or services, and/or a substantial expenditure of funds to respond to the offense, it reasonably determined a two-level departure for multiple victims was warranted "in view of the multitude of people and businesses, individuals that were profoundly affected by [Oxendine's] actions," and his Guidelines range of 30 to 37 months did not take that factor "into consideration fully." Alternatively, the court explained it would have reached the same range by departing under USSG § 4A1.3(a), and a 46-month sentence was also necessary to accomplish the purposes of sentencing under 18 U.S.C. § 3553(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*