**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4353**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO JAVIER MALDONADO-PINEDA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00239-WO-1)

Submitted:  November 30, 2022                        Decided:  December 13, 2022

Before DIAZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Randall S. Galyon, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Javier Maldonado-Pineda appeals the 188-month sentence imposed following his guilty plea to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  Maldonado-Pineda argues on appeal that his sentence is procedurally unreasonable because the district court (1) overruled his objection to the application of a supervisory role enhancement in its calculation of his Sentencing Guidelines range, (2) denied his motion for a downward departure because his criminal history category overstated the severity of his criminal history; and (3) declined to depart or vary downward based on his objection to the application of the methamphetamine Guidelines, specifically their 10-to-1 purity disparity between methamphetamine mixture and "methamphetamine (actual)."  Maldonado-Pineda also contends that his sentence is substantively unreasonable.  For the reasons that follow, we affirm.

We "review a sentence for reasonableness 'under a deferential abuse-of-discretion standard' . . . whether the sentence is 'inside, just outside, or significantly outside the Guidelines range.'"  *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  This review encompasses the sentence's procedural and substantive reasonableness.  *Gall*, 552 U.S. at 51.

In determining procedural reasonableness, we must consider whether the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory rather than mandatory, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence not based on clearly

2

erroneous facts, and sufficiently explained the chosen sentence. *Id.* at 49-51. "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "We will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted).

Maldonado-Pineda first contends that the district court erroneously found that he held a supervisory role in the conspiracy. "Section 3B1.1(b) [of the Sentencing Guidelines] provides for a three-point enhancement '[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.'" *United States v. Burnley*, 988 F.3d 184, 187-88 (4th Cir. 2021) (quoting U.S. Sentencing Guidelines Manual § 3B1.1(b) (2018)). In determining whether a defendant acted as a manager or supervisor, seven factors must be considered:

> [1] the exercise of decision making authority, [2] the nature of participation in the commission of the offense, [3] the recruitment of accomplices, [4] the claimed right to a larger share of the fruits of the crime, [5] the degree of participation in planning or organizing the offense, [6] the nature and scope of the illegal activity, and [7] the degree of control and authority exercised over others.

*Id.* at 188. We have reviewed the record and discern no clear error in the district court's determination that Maldonado-Pineda exercised control and authority over at least one other member in the conspiracy, especially considering Maldonado-Pineda's statement that he could have his "guys" provide more methamphetamine upon request. *See United States*

3

*v. Rashwan*, 328 F.3d 160, 166 (4th Cir. 2003) (holding that control over one other participant is sufficient for the enhancement to apply).

Next, Maldonado-Pineda argues that the district court erroneously denied his motion for a downward departure based on his criminal history category. A district court has discretion to depart downward "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(b)(1). "We are unable . . . to review a sentencing court's decision not to depart unless the court mistakenly believed that it lacked the authority to do so." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Here, the district court understood its authority to grant a downward departure but declined to exercise that authority. Therefore, we decline to disturb the district court's decision on this issue.

Maldonado-Pineda further asserts that the district court erred by rejecting his request to reduce his base offense level due to the methamphetamine sentencing disparity present in the Guidelines. "Under *United States v. Booker*, 543 U.S. 220, 245 (2005), Sentencing Guidelines are effectively advisory. As a result, a court can tailor the sentence in light of other statutory concerns as well." *United States v. Williams*, 19 F.4th 374, 378 (4th Cir. 2021) (cleaned up). Therefore, "district courts have discretion to reject the [methamphetamine] Guidelines on policy grounds and, as [Maldonado-Pineda] note[s], some have done so. But just because you can does not mean you must." *Id.* "Although a sentencing court may be entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data[,] it is under no obligation to do so."

4

*Id.* (cleaned up). Here, the district court thoughtfully considered Maldonado-Pineda's arguments against the methamphetamine disparity and explained its reasoning for rejecting them. We conclude that the district court did not err.

Finally, Maldonado-Pineda contends that his downward-variant 188-month sentence is substantively unreasonable, and instead contends that a 120-month sentence would adequately serve the 18 U.S.C. § 3553(a) factors. We consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a sentence imposed "within or below a properly calculated Guidelines range is . . . reasonable." *Louthian*, 756 F.3d at 306. "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* Maldonado-Pineda contends that the public will be protected by a 120-month sentence, which will be followed by his removal to Mexico, and that he will be rehabilitated by a shorter sentence. But Maldonado-Pineda does not discuss what the district court found were the most important of the § 3553(a) factors here: the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law. We thus conclude that Maldonado-Pineda has not rebutted the presumption of reasonableness afforded his sentence.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5