**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4047**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE GREENFIELD, a/k/a Tidy,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:21-cr-00035-GMG-RWT-1)

Submitted:  May 31, 2024                                      Decided:  July 3, 2024

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Greenfield appeals his sentence after pleading guilty to unlawful possession of firearms by a felon in violation of 18 U.S.C. § 922(g)(1).  On appeal, Greenfield argues the district court erred in calculating his Guidelines range.  Specifically, he contends the district court erred in finding that he was an organizer or leader of criminal activity under USSG § 3B1.1(a), not providing him with an additional one-level reduction under USSG § 3E1.1(b), and assigning criminal history points for his drug convictions.  While he raised the first issue in the district court, he did not raise the other two issues.  We affirm.

"When determining whether the district court properly applied the advisory Sentencing Guidelines, this Court 'review[s] the district court's legal conclusions de novo and its factual findings for clear error.'"  *United States v. Claybrooks*, 90 F.4th 248, 253 (4th Cir. 2024).  "'Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed.'"  *Id*.  But, when the appellant asserts error "for the first time on appeal, the appropriate standard of review is plain error." *Id*. at 256.  To satisfy this standard, he must show (1) error, (2) that was plain, and (3) that the error affected his substantial rights, "which generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'"  *United States v. Fowler*, 58 F.4th 142, 150 (4th Cir. 2023).  If he "carries this burden, we 'may grant relief if' we conclude 'that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings.'"  *Id*.

Greenfield first contends the district court erred in applying a four-level leadership enhancement to his offense level.  *See* USSG § 3B1.1(a) (providing a four-level increase

2

"[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"). We review this issue for clear error. *See United States v. Coby*, 65 F.4th 707, 711 (4th Cir. 2023). He argues the evidence presented by the Government to support the enhancement was not credible or sufficient; and he questions whether there were at least five participants in the criminal activity. "It is well established that a court may, for purposes of sentencing, consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted). "[A]fter reviewing all the evidence in this case, we are [not] left with the definite and firm conviction that a mistake has been committed." *Coby*, 65 F.4th at 712 (internal quotation marks omitted). Accordingly, we conclude that the district court did not clearly err in applying the enhancement.

Greenfield next contends the district court erred in denying him an additional one-level decrease for acceptance of responsibility under USSG § 3E1.1(b). Because he did not raise this issue in the district court, we review it for plain error. The decrease applies if a defendant qualifies for the two-level decrease under § 3E1.1(a) "and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." USSG § 3E1.1(b). Here, the Government did not agree to move or move for the additional one-level decrease, because Greenfield did not timely notify the Government of his intention

3

to plead guilty; and it was not relieved of its burden of preparing for trial.  Accordingly, we find no plain error by the district court in not providing the one-level decrease.

Finally, Greenfield contends that the district court erred in calculating his criminal history score by assigning points for prior drug convictions.  Specifically, he argues that because he pled guilty to a firearm offense, he should not receive points for drug offenses. Because he did not raise this issue in the district court, we review it only for plain error. We conclude that Greenfield has not shown any plain error by the district court.[*]

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although Greenfield does not make the argument, we note that the Guidelines were amended after he was sentenced to change the points added for committing an offense while under a criminal justice sentence; and after Amendment 821, those points may not apply in Greenfield's case.  Even if Greenfield had raised the issue, the district court did not err in sentencing him based on the Guidelines in effect at the time of sentencing; and we would decline to consider the issue on direct appeal.  *See United States v. McCoy*, 804 F.3d 349, 353 (4th Cir. 2015); *United States v. Brewer*, 520 F.3d 367, 373 (4th Cir. 2008). But, Greenfield may file a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).