**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-4143**

———————————

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

    v.

MICHAEL ALLEN KENNEY,

  Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:24-cr-00040-1)

———————————

Submitted:  April 30, 2026                                    Decided:  May 28, 2026

———————————

Before KING and GREGORY, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  W. Michael Frazier, FRAZIER & OXLEY, LC, Huntington, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Lesley Shamblin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Allen Kenney appeals his 80-month prison sentence imposed by the district court after his jury conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  The district court found that his advisory Sentencing Guidelines range was 63 to 78 months, based on a total offense level of 20 and criminal history category V.  The district court then upwardly departed to criminal history category VI pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a)(1) (2021),[*] resulting in a departure range of 70 to 87 months.  It found his criminal history category was understated based on his convictions for serious crimes that did not receive points under the Guidelines and his consistent pattern of getting in trouble almost as soon as he finished a sentence.  It further explained that its upward departure and 80-month sentence reflected the nature and circumstances of the offense, his history and characteristics, and the need for deterrence.

On appeal, Kenney questions whether the district court erred in upwardly departing by finding that his criminal history category significantly under-represented the seriousness of his criminal history under § 4A1.3.  "This Court reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Nixon*, 130 F.4th 420, 428 (4th Cir. 2025) (citation

---

[*] The district court applied the Guidelines Manual in effect at the time of the offense. *See* USSG § 1B1.11(b)(1), p.s. ("If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.").  After Kenney was sentenced, Section 4A1.3 was deleted, along with most other departure provisions. *See* USSG app. C, amend. 836 (effective Nov. 1, 2025).  Kenney does not challenge the departure on this basis; and in any event, "[p]ost-sentencing Guidelines amendments do not make a pre-amendment sentence unreasonable." *United States v. McCoy*, 804 F.3d 349, 353 (4th Cir. 2015).

omitted).  "In applying the abuse-of-discretion standard, we review the district court's factual conclusions for clear error . . . and its legal conclusions *de novo*." *Id*. (citation omitted).

"In reviewing whether a sentence is reasonable, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Smith*, 134 F.4th 248, 256 (4th Cir. 2025) (citation modified).  "The [district] court's explanation must satisfy us that it 'has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority in light of § 3553(a)." *Id*. at 264. (citation omitted).

"In reviewing a departure from the advisory Guidelines range, we defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been [our] choice." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (citation omitted).  "[A] 'major departure' from the Guidelines range should be supported by a more significant justification than a minor one." *Id*. (citation omitted).  "[I]n reviewing a district court's variant sentence, a court of appeals may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Johnson*, 126 F.4th 1000, 1010 (4th Cir.), *cert. denied*, 145 S. Ct. 2770 (2025) (citation omitted).

"Section 4A1.3(a)(1) of the Guidelines authorizes an upward departure when reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that

3

the defendant will commit other crimes." *McCoy*, 804 F.3d at 352 (citation omitted). That information may include "[p]rior sentence(s) not used in computing the criminal history category," USSG § 4A1.3(a)(2)(A), including "old convictions . . . even if the convictions are not evidence of similar misconduct," *United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992); *cf. Nixon*, 130 F.4th at 433 n.4 (noting district courts may "consider serious *dissimilar* conduct that results in a conviction and sentence of more than one year," under § 4A1.3(a)(2)(B)); *United States v. Myers*, 589 F.3d 117, 127 (4th Cir. 2009) (upholding upward departure where stale sentences were based on either "similar, or serious dissimilar, conduct").

We have reviewed the record and Kenney's arguments on appeal, and we conclude that the district court did not err or abuse its discretion in departing upward or in imposing a sentence of 80 months in prison. The district court properly considered his uncounted, serious convictions in finding that his criminal history category of V under-represented the seriousness of his criminal history; and it did not err in departing upward one level to criminal history category VI. *See Nixon*, 130 F.4th at 434 ("[W]hen a judge concludes that a defendant's category is inadequate, a sentence in the range of the next higher category will usually be sufficient" (citation omitted)). We further conclude the district court adequately explained that the § 3553(a) factors justified the extent of the departure and its sentence of 80 months, which was only two months over the Guidelines range before the departure.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*