**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4753**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ADRIAN D. BRIGGS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:17-cr-00033-RAJ-RJK-1)

Submitted: August 31, 2018               Decided: November 15, 2018

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sean S. Jung, PILGRIMS LAW GROUP, PLLC, Newport News, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Bethany J. Lipman, Special Assistant United States Attorney, Baltimore, Maryland, Howard J. Zlotnick, Managing Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Adrian D. Briggs of carjacking (Count 1), in violation of 18 U.S.C. § 2119 (2012), and brandishing or possessing a firearm during and in relation to a crime of violence (Count 2), in violation of 18 U.S.C. § 924(c)(1)(A) (2012). The district court sentenced him to 60 months on Count 1 and to a consecutive 84 months, the statutory mandatory minimum sentence, for Count 2. He contends that on appeal the district court erred in denying his motion to suppress, that he is entitled to a new trial, and that his sentence is unreasonable. We affirm.

In considering "a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo[,] . . . constru[ing] the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). We follow a two-step process in determining whether an out-of-court identification should be excluded: "(1) the defendant must show that the photo identification procedure was impermissibly suggestive, and (2) if the defendant meets this burden, a court considers whether the identification was nevertheless reliable in the context of all of the circumstances." *United States v. Saint Louis*, 889 F.3d 145, 152 (4th Cir. 2018) (internal quotation marks omitted), *petitions for cert. filed*, __ U.S.L.W. __ (U.S. July 31, 2018) (Nos. 18-5427, 18-5438); *see United States v. Greene*, 704 F.3d 298, 305 (4th Cir. 2013). "A procedure is unnecessarily suggestive if a positive identification is likely to result from factors other than the witness's own recollection of the crime." *Greene*, 704 F.3d at 306 (internal quotation marks omitted). "When the suggestiveness in the procedure does not reach the impermissible level, the

2

potential for error (or potential for misidentification) is left for testing by a course of cross-examination at trial." *United States v. Saunders*, 501 F.3d 384, 389 n.1 (4th Cir. 2007) (internal quotation marks omitted).

Here, Briggs contends that the victim's photo lineup identification of him was impermissibly suggestive and should have been suppressed. Specifically, Briggs asserts that, during an interview with the victim a few weeks before the photo lineup, police implied Briggs's photo would be included in the photo lineup when they asked the victim if he knew Briggs. Briggs also points out that he was the only person in the lineup wearing a white crewneck shirt. The lead investigator testified at the suppression hearing and at trial that, after receiving results regarding certain fingerprints found in and on the victim's car, she asked the victim whether he knew a man named Adrian Briggs. Nearly two months passed from that time to the time of the photo lineup, reducing any potential suggestiveness from law enforcement. In addition, the detective who conducted the lineup told the victim that the lineup might not contain the suspect and that all photos would be shown even if the victim made an identification before the last photo. This admonishment further reduced any potential suggestiveness from the lead investigator that police had found a suspect and that he would be in the lineup. We do not believe that the fairly commonplace color and style of Briggs's shirt made his photo stand out from the other photos in the lineup in a way that was impermissibly suggestive, especially given that another photo in the lineup featured a collared white shirt. Therefore, we conclude the district court did not clearly err in finding that the photo lineup was not unnecessarily suggestive and, thus, did not err in denying Briggs's motion to suppress.

Next, we review for an abuse of discretion a district court's denial of a motion for a new trial under Fed. R. Crim. P. 33. *Saint Louis*, 889 F.3d at 157. "A district court should grant a new trial based on the weight of the evidence only when the evidence weighs heavily against the verdict." *Id.* (internal quotation marks omitted). "When considering the motion, the district court is not required to view the evidence in the light most favorable to the government, and it may evaluate the credibility of witnesses." *Id.*

Briggs contends that he is entitled to a new trial because, essentially, the victim's identification was unreliable and there was some evidence pointing to a different person as the carjacker. We conclude, however, that ample evidence shows that Briggs was the one who carjacked the victim. For example, the victim was completely certain that Briggs carjacked him, Briggs's fingerprints were found on a cigar wrapper in the victim's car even though the victim did not smoke cigars and did not know Briggs, and cell phone records showed that someone called Briggs's mother using the victim's stolen phone in close proximity to one location where the carjacker was seen on a surveillance camera. The lead investigator also testified that the person to whom Briggs points as the perpetrator did not look anything like the suspect in the surveillance videos or pictures and that person was never a suspect during the investigation; further, the victim did not recognize that person. Given the evidence pointing to Briggs as the perpetrator, the district court did not abuse its discretion in denying Briggs's motion.

Finally, "[w]e review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration

of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we must consider whether the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Id.* at 49-51.

If the district court's sentencing decision is procedurally reasonable, then we must consider whether the sentence imposed is substantively reasonable. *Id.* at 51. Substantive reasonableness is based on "the totality of the circumstances." *Id.* We presume that a sentence imposed within a properly calculated Guidelines range is reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Briggs contends that his sentence is unreasonable because the court failed to analyze his arguments that the mandatory minimum sentence was excessive and did not serve as a useful deterrent. Our review of the record, however, convinces us that the court did consider Briggs's arguments and that its decision is procedurally reasonable. *See Gall*, 552 U.S. at 49-51. Substantively, Briggs's sentence of 144 months is within the properly calculated Guidelines range, and Briggs has not rebutted the presumption of reasonableness accorded his within-Guidelines-range sentence. *See Louthian*, 756 F.3d at 306. We therefore conclude that the sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*