**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4599**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELONTE JAMEL STEVENSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:17-cr-00443-PJM-1)

Submitted: June 28, 2019                                    Decided: July 23, 2019

Before KEENAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Megan E. Coleman, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Timothy F. Hagan, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delonte Stevenson appeals the 66-month upward variance sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Stevenson asserts that the sentence is procedurally unreasonable because the district court relied on uncharged conduct (burglary of a gun store) and unreliable hearsay evidence, and substantively unreasonable because the district court's reasoning for the upward variance incorporated factors contemplated by the advisory Sentencing Guidelines themselves. We affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). There is no dispute that the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the chosen sentence. *See Gall*, 552 U.S. at 49-51. Contrary to Stevenson's assertions on appeal, "there is no bar to the use of hearsay at sentencing. . . . The trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain." *United States v. Love*, 134 F.3d 595, 607 (4th Cir. 1998) (internal quotation marks omitted); *see United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (same). And "clear Supreme Court and Fourth Circuit precedent hold[ ] that a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*,

2

585 F.3d 793, 798-99 (4th Cir. 2009). Finally, we conclude that the district court did not clearly err by finding that a preponderance of the evidence supported a finding that Stevenson was involved in the gun store burglary. *See United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (stating standard of review and defining clear error). Thus, Stevenson's sentence is procedurally reasonable.

We next consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. When a district court imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). But the district court need not find "extraordinary circumstances" to justify a deviation from the Guidelines range. *Gall*, 552 U.S. at 47.

In this case, the district court cited the nature of the offense, the characteristics of Stevenson, the need to provide just punishment and adequate deterrence, and the need to protect the public. And the district court specifically explained why the advisory Guidelines were inadequate on the facts at hand. The district court did not abuse its discretion in concluding that these circumstances justified a significant upward variance from the advisory Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*