**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4911**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

OSCAR OBDULIO LOPEZ-GARCIA, a/k/a Marcos Javier Montes, a/k/a Juan Carlos Lopez, a/k/a Homero Pelaez,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:18-cr-00032-D-1)

Submitted: August 6, 2019                     Decided: August 13, 2019

Before WILKINSON, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar O. Lopez-Garcia appeals the 24-month sentence imposed following his guilty plea to illegal reentry as a deported felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012).  Lopez-Garcia argues that his sentence is substantively unreasonable because the need to promote deterrence and respect for the law was insufficient to justify the degree of the district court's upward variance from the Sentencing Guidelines range.  We affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'"  *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  Because Lopez-Garcia does not challenge the procedural reasonableness of his sentence, we turn to whether the sentence imposed is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range."  *Gall*, 552 U.S. at 51.  When a district court imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).  But the district court need not find "extraordinary circumstances" to justify a deviation from the Guidelines range.  *Gall*, 552 U.S. at 47.

In this case, the district court cited the nature of the offense, the characteristics of Lopez-Garcia, the need to promote respect for the law, and the need to deter and incapacitate Lopez-Garcia.  And the district court specifically explained its view that the advisory Guidelines range was inadequate on the facts at hand.  The district court did not

abuse its discretion in concluding that these circumstances justified an upward variance from the advisory Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*