**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4935

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMIEN LAMONTE BROWN, a/k/a Dame,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, Chief District Judge. (4:18-cr-00013-BO-1)

Submitted: September 17, 2019                    Decided: September 26, 2019

Before MOTZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damien Lamonte Brown was convicted after a jury trial of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, 851 (count 1), possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012) (count 2), and possession with intent to distribute 100 grams or more of heroin and aiding and abetting, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851 (count 3). The district court calculated Brown's advisory sentences under the U.S. Sentencing Guidelines Manual (2018) at life imprisonment on counts 1 and 3 and 120 months' imprisonment on count 2. After granting Brown's request for a downward variance, the district court sentenced him to concurrent terms of 360 months' imprisonment on counts 1 and 3 and a concurrent term of 120 months' imprisonment on count 2. On appeal, Brown challenges his 360-month sentences, arguing that they are procedurally unreasonable because the district court failed to provide an adequate explanation for its sentencing decision. We affirm.

We review a district court's sentence "for reasonableness 'under a deferential abuse-of-discretion standard,'" whether the sentence "is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails consideration of the procedural reasonableness of the sentence. *Gall*, 552 U.S. at 51. In assessing procedural reasonableness, we consider whether the district court adequately explained the chosen sentence, including any deviation from the Guidelines. *Id.* When

2

imposing a sentence, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it" that "provide[s] a rationale tailored to the particular case at hand and [is] adequate to permit 'meaningful appellate review.'" *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50).

Review of the adequacy of the district court's explanation of Brown's 360-month sentences is for plain error because he did not object below "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2012)] for a sentence different than the one ultimately imposed." *United States v. Lynn*, 592 F.3d 572, 576-78 (4th Cir. 2010). Under the plain error standard, this court "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

Assuming without deciding that the district court plainly erred in explaining its decision to impose the 360-month sentences, Brown has not established that any error affected his substantial rights by influencing the outcome of the sentencing hearing. Specifically, Brown has not argued that he would have received a lower sentence had the district court not committed the error about which he complains and, thus, he has failed to satisfy the third prong of plain error review. *See United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010) (explaining that, to satisfy the third element of plain error review "in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred").

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*