**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4058**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

JASON EDWARD BEAL,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00163-WO-1)

Submitted:  August 30, 2019　　　　　　　　Decided:  October 24, 2019

Before AGEE and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Stephen T. Inman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason E. Beal pled guilty to receiving child pornography, in violation of 18 U.S.C.A. § 2252(a)(2)(A), (b)(1) (West 2015 & Supp. 2019). He argues on appeal that the district court abused its discretion in restricting his access to computers as a condition of supervised release and that the district court procedurally and substantively erred in imposing a two-level enhancement for knowingly distributing child pornography under U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(F) (2016). We affirm in part, vacate in part, and remand for further proceedings.

First, "[d]istrict courts are afforded broad latitude to impose conditions on supervised release," so we review such conditions only for abuse of discretion. *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). A district court may impose any special condition reasonably related to the relevant statutory sentencing factors in 18 U.S.C. § 3553(a) (2012), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide for adequate deterrence, the need to protect the public, and the need to provide the defendant with training, medical care, or treatment. *Douglas*, 850 F.3d at 663; *see* 18 U.S.C.A. § 3583(d) (West 2015 & Supp. 2019). We conclude that the district court did not abuse its discretion in imposing the challenged condition of supervised release. The court explicitly considered Beal's characteristics and the offense's circumstances and concluded that the condition—restricting his computer use following his release from prison without advance authorization by his probation officer—was appropriate despite its burdens because "the computer [was] too integral a part of the commission of the

2

offense in this case." (J.A. 77).[*] And the court ultimately imposed a downward variance sentence on the theory that its conditions of supervised release would help Beal "acknowledge and recognize what [he has] done" and "turn this into something positive at some point down the road." (J.A. 69).

Next, as to the term of imprisonment, "[w]e review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In determining procedural reasonableness, we consider whether the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the § 3553(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Gall*, 552 U.S. at 49-51. "In assessing a Guidelines enhancement, we review findings of fact for clear error and legal decisions de novo." *United States v. Chandia*, 675 F.3d 329, 337 (4th Cir. 2012) (internal quotation marks omitted).

The Guidelines establish a two-level enhancement where a defendant "knowingly engaged in distribution, other than distribution [to minors or for money or other things of value] described in subdivisions (A) through (E)." USSG § 2G2.2(b)(3)(F); *see United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009). The district court stated that Beal "doesn't have to know . . . as a matter of law." (J.A. 54). Accordingly, the court

---

[*] "J.A." refers to the joint appendix filed by the parties.

3

declined to make any factual findings regarding Beal's state of mind, instead concluding that "those peer-to-peer networks are going to share files, which is . . . sufficient to support the plus two for distribution." (J.A. 55). We conclude that the district court improperly calculated the Guidelines range by applying the enhancement for knowingly distributing child pornography without making a finding as to Beal's knowledge, and that the sentence is therefore procedurally unreasonable. The district court must resolve in the first instance the factual question of Beal's state of mind, and it is unclear how those issues might affect the court's downward variance sentence.

Accordingly, we vacate the 72-month sentence and remand for further proceedings consistent with this opinion, and we affirm the judgment in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*