**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4391**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORDAN AKEEM MCDANIEL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:15-cr-00234-RMG-1)

Submitted:  January 28, 2020                     Decided:  February 7, 2020

Before GREGORY, Chief Judge, and WYNN and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, Columbia, South Carolina, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan Akeem McDaniel pled guilty to interfering with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a) (2018), and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2018). The district court sentenced McDaniel to 204 months' imprisonment for Hobbs Act robbery and 84 months for the § 924(c) conviction, to be served consecutively to each other but concurrently with a then yet-to-be imposed state sentence for voluntary manslaughter. McDaniel appeals the district court's denial of his motion to dismiss the § 924(c) charge and contends that the sentence imposed by the district court is substantively unreasonable. For the reasons that follow, we affirm.

First, McDaniel argues that Hobbs Act robbery is not a crime of violence under § 924(c). Although § 924(c)'s residual clause is unconstitutionally vague following *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *United States v. Simms*, 914 F.3d 229, 232-33, 252 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019), "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)," *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.), *cert. denied*, Nos. 19-6423, 19-6424, 2019 WL 6689801, 2019 WL 6689802 (U.S. Dec. 9, 2019). Therefore, the district court did not err in denying McDaniel's motion to dismiss.

Second, McDaniel argues that the district court substantively erred because it deviated from a sentence to which it previously committed itself without providing

adequate explanation and because the district court based its sentence on a state offense that was not relevant conduct.[1]  We disagree.

We review a sentence "for reasonableness 'under a deferential abuse-of-discretion standard,'" whether the sentence "is 'inside, just outside, or significantly outside the Guidelines range.'"  *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  This review entails appellate consideration of the procedural reasonableness of the sentence.  *Gall*, 552 U.S. at 49-51.  In assessing procedural reasonableness, we consider whether the district court provided a sufficient explanation for the chosen sentence, including an explanation for any deviation from the Guidelines.  *Id.* at 51; *see United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010).  When imposing a sentence, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it" that "provide[s] a rationale tailored to the particular case at hand and [is] adequate to permit 'meaningful appellate review.'"  *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50).

In reviewing the substantive reasonableness of an above-Guidelines sentence, when a district court departs from or imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently

---

[1] Although McDaniel raises only a challenge to the substantive reasonableness of his sentence, his argument that the district court failed to adequately explain its sentence is best construed as a challenge to the procedural reasonableness of his sentence.

compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "[E]ven though [this court] might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (internal quotation marks, ellipsis, and brackets omitted).

To the extent McDaniel argues his sentence was procedurally unreasonable because the district court failed to explain the reason it was departing from its previous statement of the sentence it was inclined to impose, we find this argument lacks merit. The district court stated at a status of counsel conference that it had "[not] made a decision yet" but noted that it was "not inclined to [sentence McDaniel] above 20 years." Contrary to McDaniel's assertions, nothing in the district court's statements prior to the sentencing hearing committed it to imposing a particular sentence.

The district court considered the nature and circumstances of the offense, noting that McDaniel dragged an elderly victim into a business at night, threw the victim to the floor, and threatened the victim with a gun, which the district court explained was a "very violent dangerous episode," "show[ing] a level of malice and viciousness that is not a typical robbery." The district court also considered McDaniel's history and characteristics, explaining that it was concerned about his "pattern of dangerous escalating violence since discharge from prison, not adequately accommodated in the guidelines." Finally, the district court considered promotion of respect for the law, just punishment, deterrence, and the protection of the public. We conclude that the district court provided an adequately detailed and individualized explanation for the chosen sentence it imposed.

We also conclude that the district court did not substantively err in selecting the sentence. First, as previously stated, the record is inconsistent with McDaniel's argument that the district court committed itself to a sentence of not greater than 20 years. Second, a district court is permitted at sentencing to consider, "without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law." USSG § 1B1.4; 18 U.S.C. § 3661 (2018). That McDaniel pled guilty in state court to a voluntary manslaughter committed so close in time to a violent robbery is plainly relevant to a number of the statutory sentencing factors, including McDaniel's history and characteristics, deterrence, promotion of respect for the law, and protection of the public. Under the totality of the circumstances—the viciousness of the offense conduct and McDaniel's pattern of escalating violence—McDaniel's sentence is substantively reasonable.

Accordingly, we remove this appeal from abeyance[2] and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We previously placed this appeal in abeyance for No. 15-4433, *United States v. Ali*. In light of our decision in *Mathis*—which disposes of McDaniel's argument that Hobbs Act robbery does not qualify as a crime of violence under the force clause of § 924(c)—we remove this appeal from abeyance.