**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4488**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

HAYDN PATRICK THOMAS, a/k/a Patrick Haydn Thomas, a/k/a Hayden Patrick Thomas,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:18-cr-00352-NCT-1)

Submitted:  January 31, 2020        Decided:  February 25, 2020

Before KEENAN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Elissa Hart-Mahan, Samuel Robert Lyons, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Haydn Patrick Thomas appeals the 78-month sentence imposed by the district court following his guilty plea to making false statements related to healthcare matters, in violation of 18 U.S.C. § 1035 (2018), and attempted tax evasion, in violation of 26 U.S.C. § 7201 (2018). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. Counsel questions, however, whether Thomas knowingly and voluntarily pleaded guilty and whether the sentence imposed by the district court is procedurally and substantively reasonable. Thomas has filed a supplemental pro se brief, arguing that the district court failed to explain adequately its decision to impose consecutive rather than concurrent sentences. Finding no reversible error, we affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Here, the district court addressed each of Thomas's nonfrivolous sentencing arguments, as well as the impact of this offense on the Medicaid system and the need for specific and general deterrence. The district court imposed consecutive sentences to reach the total sentence it found was necessary in light of the 18 U.S.C. § 3553(a) (2018) factors. U.S. Sentencing Guidelines Manual § 5G1.2 (2018); *see United States v. Deffenbaugh*, 709 F.3d 266, 275 (4th Cir. 2013). Accordingly, we conclude that Thomas's within-Guidelines sentence is procedurally and substantively reasonable.

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*