**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4940**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BRADERICK ISOM,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:19-cr-00202-BO-1)

Submitted:  July 21, 2020           Decided:  August 7, 2020

Before KING, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Braderick Isom appeals the 84-month upward variant sentence imposed after he pled guilty without a plea agreement to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018). Isom argues only that the district court abused its discretion when it imposed an upward variant sentence because, since the Sentencing Guidelines accounted for his criminal history, the district court abused its discretion by upwardly varying on the basis that the criminal history was understated. Finding no error, we affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). When reviewing a sentence for reasonableness, we must consider both the procedural and substantive reasonableness of the sentence. *See Gall*, 552 U.S. at 51. We have confirmed that Isom's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215, 217-19 (4th Cir. 2019).

To be substantively reasonable, then, the imposed sentence must be "sufficient, but not greater than necessary" to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2018). In assessing substantive reasonableness, we consider "the totality of the circumstances[.]" *Gall*, 552 U.S. at 51. And when the district court imposes a departure or variant sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007). In reviewing a sentence outside the Guidelines range, this court

2

"may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Contrary to Isom's argument that the district court erroneously relied only on his understated criminal history to impose the upward variance, the court considered what it believed to be Isom's underpunished criminal history, as well as his bold probation violations, admitted gang association, and repeated firearms possession to arrive at the upward variant sentence. We conclude that the court's decision that a 13-month upward variance was warranted by the circumstances of Isom's crimes was reasonable under the § 3553(a) factors and, thus, we will not disturb the sentence. *See Hernandez-Villanueva*, 473 F.3d at 123.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*