**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4105**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON AHART HAMPTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:16-cr-00290-D-1)

Submitted: February 24, 2021                    Decided: March 3, 2021

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, Joseph Bart Gilbert, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Ahart Hampton appeals his 264-month sentence imposed by the district court following his guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and his conviction by a jury of brandishing a firearm during and in relation to the robbery, in violation of 18 U.S.C. § 924(c). On appeal, Hampton challenges the district court's failure to provide an expert witness instruction to the jury, challenges the validity of his 18 U.S.C. § 924(c) conviction, and asserts that his sentence is unreasonable.[*] We affirm.

Hampton first asserts that the district court erred by failing to provide an expert witness instruction to the jury after allegedly allowing the victim to testify as both a fact witness and an expert witness regarding the firearm used during the robbery. Because Hampton failed to object in the district court, our review is for plain error. *United States v. Muslim*, 944 F.3d 154, 164 (4th Cir. 2019); *United States v. Galloway*, 749 F.3d 238, 244 (4th Cir. 2014); *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (discussing plain error standard). Our review of the trial testimony leads us to conclude that the district court did not err by failing to provide an expert witness instruction because the victim testified only as a lay witness. *See* Fed. R. Evid. 701; *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017).

---

[*] Hampton also summarily mentions other alleged errors (*see* Appellant's Br. (ECF No. 25) at 21), but he has waived appellate review of those matters by failing to "meaningfully develop[] argument specific to [those issues]," as required by Fed. R. App. P. 28(a)(8)(A). *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (alterations and internal quotation marks omitted)).

2

Next, Hampton challenges the validity of his § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that the crime of violence definition's residual clause in § 924(c)(3)(B) is unconstitutionally vague), and argues that Hobbs Act robbery is not a crime of violence because it does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A). Hampton's argument is foreclosed by our decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause).

Finally, Hampton challenges the reasonableness of his sentence. He asserts that the district court erred by sentencing him 65 months above the Guidelines range established by the district court prior to its decision to depart upwardly under U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (2016), and by ignoring his mitigating arguments. Hampton also asserted there was a significant sentencing disparity between himself and other prior defendants similarly situated across the nation.

"We review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (internal quotation marks omitted). This review entails consideration of "both procedural and substantive reasonableness." *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014) (internal quotation marks omitted); *see United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019). The court first considers whether the district court committed significant procedural error, such as improperly calculating the Sentencing Guidelines range, insufficiently considering the 18 U.S.C.

3

§ 3553(a) factors, or inadequately explaining the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see Blue*, 877 F.3d at 518-21 (discussing adequacy of sentencing explanation). If the sentence is procedurally sound, we then evaluate the substantive reasonableness of the sentence, considering "the totality of the circumstances, including the extent of any [deviation] from the Guidelines range." *Gall*, 552 U.S. at 51.

A district court may depart upwardly from the Guidelines range under § 4A1.3(a), p.s., "when reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," *United States v. McCoy*, 804 F.3d 349, 352 (4th Cir. 2015) (internal quotation marks omitted); *see United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007) (discussing incremental approach for upward departure under USSG § 4A1.3, p.s.). "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to [depart] . . . and with respect to the extent of the divergence from the sentencing range." *Howard*, 773 F.3d at 529 (internal quotation marks omitted).

Here, the district court properly calculated the predeparture Guidelines range. We conclude that the district court appropriately decided to depart under USSG § 4A1.3(a), p.s., and that the court engaged in an individualized assessment of the facts and circumstances, considered Hampton's mitigating arguments, and adequately explained its decision to depart. *See Howard*, 773 F.3d at 529. Regarding the extent of the upward departure, the district court properly used an incremental approach. *See Dalton*, 477 F.3d at 199. Moreover, the district court noted that it would impose the same sentence if any of

4

its Guidelines calculations were incorrect. *See United States v. Grubbs*, 585 F.3d 793, 804 (4th Cir. 2009); *see also United States v. Hargrove*, 701 F.3d 156, 161-63 (4th Cir. 2012) (discussing harmless error inquiry).

Turning to Hampton's assertion that his sentence is substantively unreasonable, we reject his claim. The district court stated that it had reviewed Hampton's arguments in light of the § 3553(a) factors. The district court framed its reasons for Hampton's sentence around the nature and circumstances of the offense and Hampton's history and characteristics. Based on Hampton's conduct, the district court determined that the sentence it imposed was necessary to incapacitate, deter, and impose just punishment. Thus, Hampton's sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions were adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*